UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG (STAUNTON) DIVISION

_____

In re:  Louis Jones, Jr.                                Case Number 07-50446
       Nikki Lee Jones                               Chapter 13
           Debtors
_____

## Supplemental Objection to Confirmation

1.  Comes now Herbert L. Beskin, Chapter 13 Trustee, and files the following as his Supplemental Objection to Confirmation in this case, and asks that it be heard at the confirmation hearing scheduled in this case.

2.  By way of background, the Trustee states that Debtor's counsel, Marshall Slayton, has in this and several other cases begun to use an expanded paragraph 11 that significantly affects the rights of creditors in these cases.  Because these provisions are potentially far-reaching, and because they address issues which have not yet been decided by this Court, the Trustee believes it is his responsibility to bring these matters to the Court's attention. The Trustee has approximately twelve (12) cases pending before Judge Anderson containing these same issues which were argued by counsel on September 17, 2007, and are under advisement at this time.

3.  The Trustee has the following specific concerns about the various subsections of paragraph  11 in this case.  These concerns are addressed to the Amended Plan filed by Mr. Slayton on  September 14, 2007 (ECF Docket entry # 21)**.**

       A.     Section A: No objection.

       B.     Section B:  No objection

       C.     Section C:
           (1)     This section attempts to set a time limit on the filing of a deficiency unsecured claim by creditors holding a lien on the property in question *other than the creditor that obtained relief from the automatic stay.* The Trustee is concerned about issues of notice and due process to such creditors.  Specifically, the Trustee's concerns are: (i) 10 days notice is not sufficient (20 would be); and (ii) who should receive notice on behalf of the junior lienholder, since the entity will probably not have made an appearance in the case; should its registered agent be noticed?

       D.     Section D:  While the Trustee thinks it would be more accurate to simply state that property of the estate is defined by section 1306, he has no objection to this section.

1

    E.    Section E:
        (1)    This section imposes noticing requirements upon the lienholder; the Trustee should only be noticed of payment changes on the regular payments if he is making the regular monthly mortgage payments through the plan.  See also the Trustee's concerns set forth in paragraph S., below.

    F.    Section F:
        (1)    This section, together with sections G and K, attempts to reject and nullify any contractual provisions regarding arbitration or alternative dispute resolution.  The Trustee is uncertain as to whether:
        (a)    Such arbitration provisions constitute separate "executory contracts" within the meaning of the Bankruptcy Code and are therefore susceptible to being rejected when the underlying contract is being affirmed;
        (b)    The Debtor can achieve such sweeping effects without a heightened level of notice to affected creditors; and
        (c)    It is misleading to affirm without qualification an underlying executory contract in paragraph 6 of the Form Plan and then reject its arbitration provisions in paragraph 11; should not some notice be given in paragraph 6 of the need to look also at paragraph 11?

    G.    Section G:
        (1)    The Trustee has the same concerns as Section F regarding arbitration provisions;

    H.    Section H:   No objection.

    I.    Section I:
        (1)    If confirmation is imposing this "affirmative and direct duty" on the creditor, is heightened notice to that creditor required? See also the Trustee's concerns set forth in paragraph S., below.

    J.    Section J:  While the Trustee is uncertain as to whether these terms would be enforced by the Court, since they are only put forth as "the position of the debtor," the Trustee has no objection.

    K.    Section K:
        (1)    The Trustee has the same concerns as Section F regarding arbitration provisions;
        (2)    The Debtor is creating a waiver of rights; the Trustee questions whether such a waiver is authorized by the Code or appropriate without heightened notice to the affected creditors.

    L.    Section L:  No objection.

M. Section M: This provision provides that for "910" and "1 year" secured claims under 1325(a)(9)'s "hanging paragraph," the surrender of the collateral will be in full satisfaction of the claim. This provision is in accordance with this Court's recent decision, but the matter is on appeal. For now the Trustee would not object to this provision, but if the District Court or the Fourth Circuit rules that a creditor cannot be forced to accept such treatment, this provision would be in contravention of applicable law and the Trustee would feel obliged to object to it.

N. Section N: The Trustee has no objection, as long as this provision is merely a recitation of Code section 362(a) and not adding any new prohibitions to the automatic stay.

O. Section O: No objection.

P. Section P: No objection.

Q. Section Q: It is the Trustee's understanding that this Court has ruled that attorneys fees are to be paid either *pro rata* with payments to DSO recipients or after such payments; based upon that understanding, the Trustee has no objection to this provision.

R. Section R: No objection.

4. More generally, since some of these provisions affect substantive legal rights of the creditors and may be far-reaching, the Trustee is concerned that affected creditors may need to be given more meaningful notice than that provided by this paragraph.

5. Some of these provisions attempt to determine substantive legal issues before an actual controversy exists and without having both parties before the Court litigating a specific case. The Court may want to require counsel to file and notice a motion so an actual case and controversy is before the Court.

6. The Trustee asks whether a creditor whose claim is specifically treated in another Plan paragraph should be given clear notice *in that paragraph* that its apparent treatment is being significantly affected by other provisions in paragraph 11. In other words, should not secured creditors being treated in paragraph 3 be alerted *in paragraph 3* of the need to also look at paragraph 11? And would such notice need to be heightened—that is, sent to the creditor's registered agent?

7. Therefore, the Trustee asks that the Court review the provisions of the Debtor's Plan paragraph 11 and determine if any are in need of modification in light of the Trustee's concerns stated above. In addition, the Trustee asks for such other relief as this Court may deem appropriate.

3

Dated this 9th day of October, 2007.

/s/ Herbert L. Beskin

Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103, Charlottesville, Virginia 22902
(434) 817-9913

Certificate of Service

I certify that I have mailed or e-mailed a copy of this Objection to the Debtor and to his counsel, Marshall Slayton, this 9th day of October, 2007.

/s/ Herbert L. Beskin

Herbert L. Beskin

4